# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Joseph Ricci,

    Plaintiff

v.

Duran, et al.,

    Defendants

Case No.: 2:19-cv-00415-JAD-VCF

**Order Screening Complaint**

[ECF No. 1-1]

Plaintiff Joseph Ricci brings this civil-rights action under 42 U.S.C. § 1983, claiming that his constitutional rights were violated at the North Valley Complex ("NVC") of the Clark County Detention Center ("CCDC") based on the handling of various medical issues he experienced. Ricci paid the full filing fee for this case,[1] and I screen his complaint under 28 U.S.C. § 1915A. I find that he has not sufficiently pled a colorable claim based on his allegations, but I give him until March 11, 2020, to amend his complaint if he can plead true facts to cure the defects in his claims.

## I. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint

---

[1] ECF No. 4.
[2] *See* 28 U.S.C. § 1915A(a).
[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

## II. Screening Ricci's complaint[11]

Ricci sues multiple defendants for events that took place while he was a pretrial detainee at the NVC. He sues Defendants Naphcare Director Dr. Duran, Naphcare Inc., Sheriff Joseph

---

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id.*

[11] ECF No. 1-1.

Lombardo, Las Vegas Metropolitan Police Department ("LVMPD"), and unnamed defendants designated as "Does." Ricci alleges three claims and seeks monetary damages.

Claim 1 is based on injuries that Ricci alleges he sustained while jail officials transported him from the NVC to the regional courthouse in a bus on June 29, 2018.[12] He alleges that the bus driver noticed an accident, braked, and then accelerated around the accident.[13] The forward momentum threw Ricci forward without support and then back into his seat in the back of the bus. When Ricci kited Naphcare for medical help, they returned Ricci's grievance with a response that said, "no reported incident per chart on [June 29 or 30]."[14] Ricci filed several grievances explaining his "pain" but nobody provided any emergency medical assistance. Ricci alleges Eighth and Fourteenth Amendment violations for deliberate indifference to serious medical needs.

Ricci's claim 2 is based on allegations that on September 2, 2018, Ricci contracted a problem with his face that left his face sagging on one side and prevented him from closing his eye or mouth.[15] Ricci immediately kited Naphcare, which did "minor tests" on Ricci including elbow and knee reflexes and vital signs. Ricci claims that a Doe Naphcare doctor told him that he had Bell's palsy, but nobody called for emergency medical care. Ricci alleges that one side of his face remains paralyzed, and nobody offered therapy to Ricci to reverse the issue.[16] Ricci alleges Eighth and Fourteenth Amendment violations for deliberate indifference to serious medical needs.

---

[12] *Id.* at 4.
[13] *Id.*
[14] *Id.*
[15] *Id.* at 5.
[16] *Id.*

3

Claim 3 is based on Ricci's allegations that he experienced a rash from a cleaning chemical. He claims that, from June 2018 through October 2018, while at the NVC, he experienced rashes that would come and go.[17] Ricci filed a kite about the issues. He realized that the rash was from a chemical used to clean the toilets and sinks called "Consume Eco-Lyzer," which gave him rash-like symptoms and made his skin feel like it was burning. He alleges that nobody would investigate the issue and just recommended hydrocortisone cream. Ricci alleges that he has not had any rashes since he moved from the NVC to the CCDC. Based on these facts, he alleges Eighth and Fourteenth Amendment violations for deliberate indifference to serious medical needs.

In all three claims, Ricci alleges that Dr. Duran was responsible for the overall operations of Naphcare; Doe Naphcare nurses and doctors failed to provide emergency medical assistance to Ricci; Lombardo was responsible for the overall operation and welfare of every inmate; and LVMPD failed to report the bus incident and call medical.[18]

Because Ricci was a pretrial detainee at the time of the events, his right against deliberate indifference to his serious medical needs is grounded in the Fourteenth Amendment, not the Eighth Amendment. So, I dismiss his Eighth Amendment-based claims with prejudice and consider only whether he has pled such a violation under Fourteenth Amendment standards.[19] I now analyze Ricci's claims under the Fourteenth Amendment.

---

[17] *Id*. at 6.

[18] *Id.* at 4–6.

[19] *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (holding that the Eighth Amendment's bar against cruel and unusual punishment applies to convicted prisoners while pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause).

4

### A. Inadequate Medical Care (Claims 1 and 2)

In his first and second claims for relief, Ricci attempts to plead claims for inadequate medical care. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."[20] The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case.[21] A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[22]

I find that Ricci fails to state any colorable claims for inadequate medical care. In claim 1, he fails to adequately explain what injuries he suffered when the bus driver maneuvered the bus to avoid the accident. I acknowledge that the sudden stop and go caused Ricci to jerk back and forth in his seat; however, Ricci fails to explain what "pain" or injuries he suffered from this incident. The lack of such allegations prevents me from finding that Ricci was at risk of suffering serious harm.

In claim 2, Ricci alleges that a doctor diagnosed him with Bell's palsy but failed to provide any emergency help or therapy. It is unclear to me what help Ricci thinks the doctors

---

[20] *Gordon v. Cty of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).
[21] *Id.*
[22] *Id.*

5

should have given him.  Moreover, Ricci does not allege what the diagnosing doctor told him about Bell's palsy and whether there was any treatment that Ricci could obtain for that condition. So I dismiss claims 1 and 2 without prejudice and with leave to amend if Ricci can plead true facts to establish these missing elements.

**B.     Conditions of Confinement (Claim 3)**

I interpret claim 3 as a Fourteenth Amendment conditions-of-confinement claim.  A pretrial detainee's claims challenging unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process Clause.[23]  To state such a claim, the plaintiff must allege that: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) the conditions were not necessary to serve the penological interest related to the confinement of the pretrial detainee or the conditions were excessive as to the particular penological purpose; (3) the conditions were objectively dehumanizing, uncivil, or unsanitary; and (4) the defendant did not take reasonable steps to alleviate or remedy the conditions.[24]

I find that Ricci has failed to state a colorable conditions-of-confinement claim.  Based on his allegations, jail officials attempted to take steps to alleviate the issue by treating Ricci with hydrocortisone cream.  However, it is unclear to me when Ricci specifically complained that the chemical cleaner was causing the issue and when jail officials responded to the chemical cleaner issue.  Additionally, Ricci should allege when jail officials transferred him to the CCDC and state whether the CCDC used the same chemical cleaner.  Accordingly, I dismiss this claim without prejudice and with leave to amend if Ricci can plead true facts to cure these defects.

---

[23] *Gordon*, 888 F.3d at 1124 n.2.

[24] *Castro v. County of Los Angeles*, 833 F.3d 1060, 1068–71 (9th Cir. 2016); *Gordon*, 888 F.3d at 1125.

6

## C. Named Defendants

To state a § 1983 claim against an individual defendant, the plaintiff must allege facts to show that the defendant personally violated the plaintiff's rights.[25] Ricci fails to allege any claims against any of the individually named defendants because he has not alleged that either Duran or Lombardo knew about his medical issues. So I dismiss his claims against Duran and Lombardo without prejudice.

Ricci has also failed to state any claims against Defendants Naphcare or LVMPD. To state a claim against either Naphcare or LVMPD, Ricci must sufficiently allege a municipal liability claim against them.[26] Municipalities cannot be held vicariously liable under § 1983 for their employees' actions; a municipality may be found liable under 42 U.S.C. § 1983 only if the municipality itself caused the violation at issue.[27] To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit.[28] Because Ricci has failed to allege

---

[25] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983").

[26] *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell*[*v. New York City Dept. of Social Services*, 436 U.S. 658 (1978),] do apply to suits against private entities under § 1983"); *Scott v. Las Vegas Metro. Police Dep't*, No. 2:10-CV-01900-ECR, 2011 WL 2295178, at *9 (D. Nev. June 8, 2011) (finding that LVMPD is a municipality).

[27] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)).

[28] *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011).

municipal liability against either Naphcare or LVMPD, I dismiss the claims against them without prejudice.

**III.  Leave to amend**

I grant Ricci leave to amend all three of his Fourteenth Amendment claims.  If Ricci chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be complete in itself.[29]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Ricci must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he must allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.  He must file the amended complaint by March 11, 2020.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that all Eighth Amendment claims are DISMISSED with prejudice without leave to amend; all remaining claims are DISMISSED without prejudice and with leave to amend by March 11, 2020.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Ricci the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Ricci chooses to file an amended complaint, he must use

---

[29] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>.  If Ricci does not file an amended complaint, by March 11, 2020, this case will be dismissed with prejudice for failure to state a claim, and this case will be closed.**

      Dated: February 9, 2020

      _____
      U.S. District Judge Jennifer A. Dorsey