**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Joseph Ricci,

      Plaintiff

v.

Duran et al.,

      Defendants

Case No.: 2:19-cv-00415-JAD-VCF

**Order**

[ECF No. 13-1]

On February 9, 2020, I dismissed Plaintiff Joseph Ricci's complaint and granted him leave to file a first-amended complaint by March 11, 2020.[1]  I warned Ricci that if he did not file an amended complaint by that date, I would dismiss the case with prejudice for failure to state a claim and close the case.[2]  After no response from Ricci, I dismissed the case with prejudice for failure to state a claim on March 24, 2020.[3]  The Clerk of the Court entered judgment the same day.[4]

On April 7, 2020, Ricci submitted a letter explaining that he never received my screening order from February 9, 2020.[5]  The Clerk of the Court sent Ricci a minute order stating that Ricci must style requests to the court in a motion rather than in a letter.[6]

---

[1] ECF No. 9 at 8–9.

[2] *Id.* at 9.

[3] ECF No. 11.

[4] ECF No. 12.

[5] ECF No. 13-1.

[6] ECF No. 13.

I now direct the Clerk of the Court to send Ricci a copy of my screening order.[7]  If Ricci is able to cure the deficiencies of his complaint that are explained in the screening order, he should file a motion for reconsideration explaining why he did not respond to my screening order and should attach a proposed first-amended complaint to the motion that cures the complaint's deficiencies.[8]  Ricci must file his motion for reconsideration and proposed first-amended complaint by Friday, May 15, 2020.

**Conclusion**

**IT IS THEREFORE ORDERED that** the Clerk of the Court is directed to SEND Ricci a copy of my screening order (ECF No. 9), a copy of Ricci's original complaint (ECF No. 10), the approved form for filing a § 1983 prisoner complaint, and instructions for the same.

IT IS FURTHER ORDERED that, if Ricci chooses to file a motion for reconsideration and attach a proposed first-amended complaint, Ricci must file those documents by Friday, May 15, 2020, or this case will remain closed without any further reconsideration.

Dated: April 9, 2020

_____
U.S. District Judge

---

[7] ECF No. 9.

[8] Ricci should take note of the following law: A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).